The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: August 8 2014

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-31259 |
| | ) | |
| Barbara Arlene Caffey, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3057 |
| | ) | |
| Barbara Arlene Caffey, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Jag Autocare, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION**

This adversary proceeding is before the court for decision after trial on Plaintiff's complaint alleging a willful violation of the automatic stay under 11 U.S.C. §362(k) against Defendant Jag Autocare, LLC. Plaintiff is the debtor in the underlying Chapter 7 case. Plaintiff seeks damages allegedly caused by Defendant's refusal to return her vehicle to her upon notice of the filing of her bankruptcy petition.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine violations

of the automatic stay are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(O).

This memorandum of decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052. Regardless of whether specifically referred to in this Memorandum of Decision, the court has examined the submitted materials, weighed the credibility of the witnesses, considered all of the evidence, and reviewed the entire record of the case. Based upon that review, and for the reasons discussed below, the court finds that Defendant is entitled to judgment in its favor on the complaint.

### FINDINGS OF FACT[1]

Plaintiff is the title owner of a 2004 Ford Escape. As this court previously determined in its separate Memorandum of Decision and Order Regarding Motion for Relief from Stay and Abandonment entered in the underlying Chapter 7 case, and which the court incorporates herein,[2] Defendant holds a valid security interest in the vehicle that was perfected on September 17, 2012, when Defendant caused a new title to be issued showing it as a first lienholder. [Case No. 13-31259, Doc. # 26, pp. 3, 6 ]. On March 28, 2013, Defendant repossessed the vehicle for nonpayment of the debt owed it.

Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 29, 2013. On that date, James Gunn, Defendant's principal, received notice of Plaintiff's bankruptcy and notice of the automatic stay. Gunn consulted with his attorney and, thereafter, refused to return the vehicle to Plaintiff. Plaintiff testified that her "ID," her children's birth certificates, and other items were in the vehicle when it was repossessed. Although Plaintiff never personally asked Gunn for these items, her attorney made arrangements for her to recover them approximately one month later. No constraints were imposed on Plaintiff when she went to retrieve the items; however, she testified that she only took the "important" things and left the rest in the vehicle.

This court previously concluded that, in accordance with 11 U.S.C. § 362(h), the automatic stay terminated with respect to the Ford Escape on April 30, 2013, and the vehicle was no longer property of the estate as of that date due to Plaintiff's failure to timely file her statement of intention with respect to the

---

[1] The court's findings of fact are based not only on the evidence and testimony at trial but also evidence that was received at proceedings on Plaintiff's motion for preliminary injunction and Defendant's motion for relief from stay and abandonment in the underlying Chapter 7 case on June 6, 2013. *See* Doc. # 30; Fed. R. Civ. P. 65(a)(2), Fed. R. Bankr. P. 7065.

[2] The court takes judicial notice of the contents of its case dockets in this adversary proceeding and in the underlying Chapter 7 case. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

2

vehicle. *Id.* at 7. Plaintiff did not own another vehicle. Although Plaintiff is not employed, she testified that she needed transportation to go to doctor's appointments and physical therapy, to take her mother for dialysis every other day, and for volunteering at her church, which consisted of transporting food and taking others to their doctor's appointments. She testified at trial that she had to pay others to borrow their car and that on two occasions she paid $100 to use the person's car and another $30 to $50 for gas. Although, at trial, Plaintiff did not otherwise quantify her transportation costs, at the hearing on her motion for preliminary injunction, she testified that she incurred transportation costs of "over $1,500 per month." Plaintiff further testified that she incurred attorney fees as a result of Defendant's failure to return her vehicle to her. However, the record includes neither the fee agreement nor any testimony or other evidence quantifying the amount of legal fees as an element of her damages under 11 U.S.C. § 362(k).

On July 1, 2013, Plaintiff filed a motion in the underlying Chapter 7 case to redeem the Ford Escape. Although the court granted that motion, [*see id.*, Doc. # 40], Plaintiff never redeemed the vehicle from Defendant's lien.

## LAW AND ANALYSIS

A statutory automatic stay arises upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). Plaintiff seeks an award of damages resulting from Defendant failing to return her Ford Escape to her for the thirty-one days following the filing of her bankruptcy petition, which was the time during which the automatic stay was in effect as to the vehicle. Although Plaintiff does not state which provision of § 362(a) her complaint is based on, under § 362(a)(3), the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate."

To enforce creditor compliance with the automatic stay, the Bankruptcy Code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). In order to prevail on a § 362(k) claim, a plaintiff must prove, by a preponderance of the evidence, that the stay imposed under § 362 was violated, that the violation was committed willfully and that plaintiff was injured by the violation. *Grine v. Chambers (In re Grine)*, 439 B.R. 461, 466 (Bankr. N.D. Ohio 2010). A willful violation does not require proof of a specific intent to violate the stay. *Sharon v. TranSouth Fin. Corp. (In re Sharon)*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999). Rather, it requires proof that a creditor who was aware of the bankruptcy filing violated the stay by an intentional act. *Id.*

In this case, there is no dispute that Gunn, Defendant's principal, was aware of Plaintiff's bankruptcy filing yet continued to retain and, thus, exercise control over, possession of Plaintiff's vehicle. Defendant

3

thus violated the automatic stay to the extent that possession of the vehicle was property of Plaintiff's bankruptcy estate. *But see In re Hall*, 502 B.R. 650 (Bankr. D.D.C. 2014)(§ 362(a)(3) does not bar secured creditor's continued retention of property seized prepetition).

The Bankruptcy Code defines the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), the United States Supreme Court explained that "§ 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code" and that "[s]everal of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceeding commenced." *Id.* at 205. The Court then explained that the turnover provision of § 542(a) is such a provision as it "requires an entity (other than a custodian) holding any property of the debtor that the trustee can use under § 363 to turn that property over to the trustee." *Id.* The Court noted that "[w]hile there are explicit limitations on the reach of § 542(a), none requires that the debtor hold a possessory interest in the property at the commencement of the reorganization proceeding." *Id.* at 206. Thus, the Court found that "§ 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings." *Id.* at 207.

Relying on the reasoning in *Whiting Pools* and the interplay between § 541(a) and § 542(a), the Bankruptcy Appellate Panel for the Sixth Circuit has determined that a possessory interest in a debtor's car that is repossessed under Ohio law before a Chapter 13 petition is filed becomes "property of the Chapter 13 estate from the moment of the petition." *In re Sharon*, 234 B.R at 681; *see Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989) (stating in a Chapter 11 case that "[t]he duty [under § 542(a)] to turn over the property is not contingent upon. . .any order of the bankruptcy court. . . . Rather, the duty arises upon the filing of the bankruptcy petition."); *California Emp't Dev. Dept. v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151 (9th Cir. 1996) (stating that the obligation under § 542(a) to turn over property "is a mandatory duty arising upon the filing of the bankruptcy petition"); *Dean v. Carr,* 490 B.R. 662, 667 (Bankr. M.D. Penn. 2013) (same). *But see In re Hall*, 502 B.R. at 654–64 (quoting Ralph Brubaker, *Turnover, Adequate Protection, and the Automatic Stay (Part II): Who is "Exercising Control" Over What?*, 33 No. 9 Bankruptcy Law Letter NL 1 (September 2013), for the proposition that "it is only by means of a post-hoc boot-strap, under the influence of the overly broad interpretation of § 362(a)(3), that the courts have misconstrued § 542(a) as somehow being self-executing when (on its face) it clearly cannot be"); *Barringer v. EAB Leasing (In re Barringer)*, 244 B.R. 402, 410 (Bankr. E.D. Mich. 1999) (finding that

4

it is not bound by *Sharon* and concluding that "a secured party need not surrender collateral in the absence of a court order"). The court in *Sharon* found that, as property of the estate, the "right to possession of the car was protected by the automatic stay" and that "[w]ithholding possession of property from the bankruptcy estate is the essence of 'exercising control' over possession" as contemplated in § 362(a)(3). *Sharon*, 234 B.R. at 682; *see Knaus,* 889 F.2d at 775 (finding that the failure to fulfill the duty under § 542(a), "regardless of whether the original seizure was lawful, constitutes a prohibited attempt to 'exercise control over the property of the estate' in violation of the automatic stay"); *see also Thompson v. Gen. Motors Acceptance Corp.*, 566 F.3d 699, 704 (7th Cir. 2009) (stating that "[t]he majority of appellate courts have found that section 542(a) works with the stay provision in section 362(a) to draw back into the estate a right of possession that is claimed by a lien creditor pursuant to a pre-petition seizure").

Under the reasoning in *Sharon,* Defendant willfully violated the automatic stay by continuing to retain possession of the 2004 Ford Escape after learning of Plaintiff's bankruptcy filing. Nevertheless, an individual seeking an award of damages under § 362(k) for a violation of the stay has the burden of establishing that she was injured by the violation. 11 U.S.C. § 362(k); *Archer v. Macomb County Bank*, 853 F.2d 497, 500 (6th Cir. 1988)(decided under § 362(h), the predecessor to § 362(k)); *Grine*, 439 B.R. at 466. "This presumes a causal connection between the injury and the stay violation." *In re Trujillo*, 485 B.R. 238, 254 (Bankr. D.Colo. 2012).

In this case, Plaintiff's asserted injury was not having a vehicle to use for transportation during the thirty-one days that the automatic stay was in effect with respect to the motor vehicle. However, under both *Whiting Pools* and *Sharon*, a right of possession of property that was repossessed before bankruptcy becomes "property of the estate," and thus subject to the automatic stay, through § 542(a). Any duty to turnover property of the estate under § 542(a) is a duty to "deliver [such property] to the *trustee."* 11 U.S.C. § 542(a)(emphasis added). Although in both *Whiting Pools* and *Sharon*, the courts found that the creditor was required to deliver the estate property at issue to the debtor, those cases are distinguishable in that they involved a Chapter 11 debtor-in-possession and a Chapter 13 debtor, respectively. Under Chapter 11 a debtor-in-possession "performs the same functions as a trustee." *See Whiting Pools, Inc.*, 462 U.S. at 200 n.3 (citing 11 U.S.C. § 1107(a)). Under Chapter 13, § 1303 gives debtors "exclusive of the trustee" certain rights and powers of a trustee, *see Sharon*, 234 B.R. at 681, 687 (finding that "§§ 1303, 363, 542 and 362 work together to require and enforce the delivery of possession of the car to the Debtor"), and § 1306 provides generally that "the debtor shall remain in possession of all property of the estate." But Plaintiff is a debtor in a Chapter 7 case. Chapter 7 includes no provision giving debtors the rights and powers of a

trustee. Accordingly, § 542(a)'s requirement to deliver property "to the trustee" did not give Plaintiff a right to possession of the Ford Escape.[3] Because she was not entitled to possession, and thus the use, of the vehicle, Plaintiff's injuries arising from her lack of possession cannot be causally attributed to Defendant's violation of the automatic stay by retaining possession of it after the Chapter 7 petition was filed. *See In re Trujillo*, 485 B.R. at 254 (explaining that "whether a debtor has the right to use the property is relevant to the issue of his damages").

Moreover, even if Plaintiff's injuries were caused by Defendant's violation of the stay, she did not meet her burden of proof as to any damages that she may have incurred. The automatic stay as to the Ford Escape was in effect for only thirty-one days after Plaintiff filed her petition. Although she testified at trial that she incurred transportation costs as a result of having to borrow other people's cars, Plaintiff's only quantification at trial of such costs was testimony that she borrowed one individual's vehicle two times and had to pay the individual $100.00 each time plus $30 to $50 for gas. However, she did not specify when she borrowed the vehicle or if those costs were incurred during the thirty-one days that the stay was in effect as to the motor vehicle.

Plaintiff also testified at the hearing on her motion for preliminary injunction that she incurred transportation costs of "over $1,500 per month." She did not otherwise specify what such costs include. To the extent that they include costs that she would have incurred had she had possession of her Ford Escape, such as the cost of gas, they were not incurred as a result of Defendant's violation of the stay.

Plaintiff also testified that she incurred attorney fees to address Defendant's violation of the stay. However, the record is silent regarding the terms of any fee agreement or the amount of attorney fees paid or owed by her with respect to this matter.

Plaintiff's testimony regarding both transportation costs and attorney fees lacks the specificity required for an award of money damages. *See Archer v. Macomb County Bank*, 853 F.2d at 499 (stating that "a damage award must not be based on 'mere speculation, guess, or conjecture'").

---

[3]Some courts do not find any distinction based on the language in § 542(a) requiring turnover "to the trustee" as it relates to application of § 362(a)(3) and (k) to property repossessed pre-petition in the context of Chapter 7 cases. *E.g., Dean v. Carr*, 490 B.R. at 667; *In re Velichko*, 473 B.R. 64, 66-68 (Bankr. S.D.N.Y. 2012). The Supreme Court in *Whiting Pools* made a point in a footnote of limiting its reasoning to the Chapter 11 context, expressing "no view on the issue whether § 542(a) has the same broad effect in liquidation or adjustment of debt proceedings," 462 U.S. at 208, n.17-- a limitation some courts have found to be of no moment, *Velichko*, 473 B.R. at 67, especially in the context of Chapter 13, *see Thompson v. GMAC, LLC*, 566 F.3d at 706.

6

## **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to meet her burden of proof under 11 U.S.C. § 362(k), and Defendant is entitled to judgment in its favor on the complaint. The court will enter a separate judgment in accordance with this Memorandum of Decision.

###